996 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: George W. GANTT, Petitioner.
 No. 93-8023.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 7, 1993.
Decided: June 29, 1993.
 
 George W. Gantt, Petitioner Pro Se.
 PETITION DENIED.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 George W. Gantt has filed, in the form of three letters, a petition for a writ of mandamus compelling Chief Judge Walter E. Black, Jr., of the District of Maryland to: (1) mail Gantt a copy of the memorandum and order filed January 29, 1993, in Case No. CA-93-182-B; (2) give Gantt's numerous civil rights actions pending in the district court the same degree of "trial scrutiny" afforded other cases filed in that court; (3) take judicial notice that some or all of the Defendants in Case No. CA-93-182-B are stealing Gantt's mail and preventing Gantt from filing pleadings in Case No. CA-92-2124-B; and (4) recuse Assistant Attorney General Glen W. Bell from Case Nos. CA92-1277-B, CA-92-2124-B, CA-93-151-B, CA-93-181-B, and CA93-182-B.
 
 
 2
 Mandamus is an extraordinary remedy available only when the petitioner has no other means to obtain the relief requested and where he has shown a clear right to the relief. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33 (1980); In re Beard, 811 F.2d 818, 826-27 (4th Cir. 1987). We find that Gantt has alternative remedies available, including but not limited to motions before the district court and requests to the clerk's office for copies of the January 29, 1993, memorandum and order. Moreover, Gantt's conclusory allegations of mail tampering, misconduct by Bell, and the district court's failure to provide adequate "trial scrutiny" are insufficient to establish a clear right to the requested relief. Therefore, mandamus relief is inappropriate in this case.
 
 
 3
 Accordingly, though we grant Gantt's motion to proceed in forma pauperis, we deny his petition for mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION DENIED